**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

IKE MILLS                                               §


VS.                                                     §                    CIVIL ACTION NO. 5:04cv47

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                 §

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration.

## REPORT AND RECOMMENDATION

On July 6, 2005, the Magistrate Judge issued a Report and Recommendation in the above-entitled and numbered social security cause of action, recommending the case be affirmed. On July 7, 2005, Plaintiff filed objections to the Magistrate Judge's recommendation that his social security cause of action be affirmed. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## PLAINTIFF'S OBJECTIONS

Specifically, Plaintiff asserts the Report and Recommendation fails to find there is not substantial evidence to support the Commissioner's decision that (1) Plaintiff is not fully credible; (2) Plaintiff's residual functional capacity to perform work-related activities except for work involving extreme temperature; (3) Plaintiff's past work as a resident care aide is not precluded by limitations; (4) per the testimony of the vocational expert, Plaintiff's impairment does not prevent

him from performing his past relevant work; and (5) Plaintiff was not under a disability as defined in the Social Security Act, at any time through the date of the ALJ's decision.  Plaintiff further objects to the Report and Recommendation in that the Magistrate Judge failed to recommend reversal based on Plaintiff's supplemental brief filed on May 24, 2005.  According to Plaintiff, he was found by the V.A. 100% disabled as of July 8, 2003 based on Axis I: dysthymic disorder, Axis II: personality disorder ("NOS"), Axis III: on the medical record, Axis IV: unable to work, and Axis V: GAF of 45 which is serious symptoms with a few major impairments.  Finally, Plaintiff objects that his mental limitations were not properly evaluated.

## SUPPLEMENTAL BRIEFING

In the original briefing before the Magistrate Judge, neither Plaintiff nor Defendant addressed the significance of the additional evidence attached by Plaintiff to his supplemental brief.  Therefore, on July 14, 2005, the Court directed Defendant to file a supplemental brief, specifically addressing Plaintiff's additional evidence regarding the VA finding of 100% disability.  Defendant filed its supplemental brief on July 20, 2005.  The same day, Plaintiff filed a reply brief.

In its brief, Defendant asserts the additional evidence attached to Plaintiff's supplemental brief does not relate to the period for which benefits were denied and would not change the outcome of the Commissioner's decision.  Defendant contends the additional evidence is not material, and Plaintiff has failed to make a showing of good cause for the failure to introduce the new evidence.

In his reply brief, Plaintiff explains that on February 2, 2004, the VA made a determination that due to dysthymic disorder the old disability rating of 30% should be increased to a disability rating of 100%, making it effective as of July 8, 2003.  Plaintiff argues a person does not go from a 30% disability to a 100% disability overnight, and the evidence is relevant because it is so close

to the ALJ's decision dated June 20, 2003.  Plaintiff further asserts he has shown good cause for the fact the new evidence was not submitted to the Appeals Council.  The Appeals Council's decision was made March 10, 2004.  The new evidence was generated February 2, 2004.  Plaintiff explains there was such a short time between the availability of the new evidence and the March 10, 2004 Appeals Council decision.  Therefore, according to Plaintiff, he should be excused for any failure to present this evidence to the Appeals Council.

### DISCUSSION

This Court reviews new evidence only to determine if remand is appropriate for consideration of the new evidence. This Court "may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Section 405(g) requires evidence be "new" and "material" and there must also be a showing of "good cause" for the failure to produce the evidence into the record in the prior proceeding in order to justify a remand for consideration of additional evidence.  *Id.*  In determining whether the new evidence is material, this Court must consider the following: (1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there was a reasonable probability that this new evidence would change the outcome of the Commissioner's decision. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989)(holding that diagnoses after the claim period are immaterial to remand requests). Applying these principles to the facts of this case convinces the Court that a remand is justified.

The additional evidence attached to Plaintiff's supplemental brief consists of Exhibit A and Exhibit B. Exhibit A is one page of a VA report concerning Plaintiff's 100% VA disability rating,

effective as of July 8, 2003.  According to Plaintiff, the report is dated February 2, 2004.  Exhibit B is one page of a summary of a January 23, 2004 psychological evaluation and contains a diagnosis of dysthymic disorder and a global assessment of functioning score of 45.

The Court finds Exhibit A, attached in Plaintiff's supplemental brief, is new and material even though it is dated after the ALJ's decision denying benefits. The final administrative decision in this case occurred when the Appeals Council denied Plaintiff's request for review on March 10, 2004 (Tr. 7-10), and the Administrative Law Judge's ("ALJ") decision of June 20, 2003 became the final decision of the Commissioner (Tr. 25).  The new evidence was generated February 2, 2004.

According to Exhibit A, the VA increased Plaintiff's disability rating from 30% to 100%, making it effective as of July 8, 2003.  The effective date of the increase is extremely close to the date of the ALJ's decision and within the time period of Plaintiff's request for review by the Appeals Council.  Therefore, the Court finds the new evidence relates to the time period for which benefits were denied, and it is not evidence of subsequent deterioration of the previously non-disabling condition.  The fact that a VA disability rating is not binding on the ALJ, *see* 20 C.F.R. §404.1504 (determination by other Agency is not binding), does not change the Court's decision on the materiality of the evidence.  There is a reasonable probability that this new evidence would change the outcome of the Commissioner's decision.

Exhibit B, dated January 21, 2004, shows a deterioration of a previously non-disabling condition resulting after the period for which benefits are sought. This evidence is well outside the time frame in which the claimant applied for or was denied the benefits in question; it does not relate back to the time period for which benefits were sought as does Exhibit A.  Exhibit B is more appropriately viewed as evidence of a subsequent deterioration of the previously non-disabling

4

condition.   Therefore, the Court finds Exhibit B is not material.

Turning to whether the Court finds good cause for Plaintiff's failure to incorporate Exhibit A into the record in the prior proceeding, there was a short time between the VA's increase of Plaintiff's disability on February 2, 2004 and the March 10, 2004 Appeals Council final decision. The Court finds good cause for Plaintiff's failure to present this evidence to the Appeals Council before it issued its decision on March 10, 2004.

In sum, the Court determines that a remand is justified in this case.   A court can remand a case pursuant to either sentence four or sentence six of 42 U.S.C. § 405(g).   A sentence four remand is appropriate whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling.   *Cooper-Hart v. Barnhart*, 2004 WL 1083258, * 5 (W.D. Tex. 2004).   In a sentence six remand, the district court does not affirm, modify, or reverse the decision.   *Id.*   A sentence six remand is warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant.   *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

With a sentence six remand, the parties must return to the district court after remand to file modified findings of fact.   *Id.*   The district court retains jurisdiction pending remand and does not enter a final judgment until after the completion of the remand proceedings. *Id.*   A remand pursuant to sentence six of 42 U.S.C. § 405(g) is justified in this case.   Accordingly, it is

**ORDERED** that the above-entitled Social Security action is **REMANDED** to the Commissioner for further administrative actions pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and that Defendant file with this Court the results of the agency's post-remand proceedings.   *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).   It is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** the above-entitled and numbered cause of action.

**SIGNED this 15th day of August, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE